IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

Mary Elaine Abasova )
)
       Plaintiff, ) Case No. _____
)
vs. )
)
Credit Acceptance Corporation, )
)
Serve Registered Agent at: )
Corporation Service Company )
221 Bolivar St. )
Jefferson City, MO 65101 )
)
       Defendant. )

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Mary Elaine Abasova, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in her Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer Mary Elaine Abasova against Credit Acceptance Corporation for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that Defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

1

## PARTIES AND SERVICE

3. Mary Elaine Abasova (hereafter "**Plaintiffs**"), is a natural person who, at all times relevant, resides in the State of Missouri.

4. Defendant Credit Acceptance Corporation, hereafter ("**Defendant**"), is a business entity that regularly conducts business in Missouri, and may be served through its registered agent, Corporation Service Company, at 221 Bolivar St., Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On December 11, 2013, Plaintiff filed a Chapter 7 Bankruptcy in the Western District of Missouri, Case No. 13-44615-can7.

6. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on December 11, 2013, showing Defendant was sent notice of Plaintiff's bankruptcy.

7. The BNC Certificate of Mailing of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

8. Plaintiff reaffirmed the debt owed to Defendant; therefore the debt was excepted from discharge.

9. The Reaffirmation Agreement is attached as Exhibit B.

10. Plaintiff received her discharge on March 12, 2014.

11. The Notice of Discharge of Debtor was entered on March 12, 2014, showing Defendant was sent notice of Plaintiff's discharge.

12. The BNC Certificate of Mailing of the Notice of Discharge of Debtor is attached as Exhibit C.

13. On May 1, 2015, Plaintiff requested and reviewed her credit reports from TransUnion, Equifax and Experian.

14. Plaintiff became aware that Defendant was misreporting information on each of her credit reports.

15. Defendant was reporting incorrectly on Plaintiff's Equifax, Experian and TransUnion credit reports that the debt owed to Defendant was discharged with a $0 balance and no current payment history.

16. However, Plaintiff excepted the debt owed to Defendant in her chapter 7 case.

17. Accordingly, Defendant, if it reported Plaintiff's account at all, should have been reporting Plaintiff's account with the current balance and payment history.

18. On June 15, 2015, Plaintiff sent letters with her bankruptcy information to Equifax, Experian and TransUnion disputing Defendant's incorrect reporting in accordance with 15 U.S.C. § 1681i.

19. Copies of Plaintiff's dispute letters are attached as Exhibit D.

20. All three credit reporting agencies sent a Consumer Dispute Verification to Defendant as required by 15 U.S.C. § 1681i.

21. Although the account was corrected on Plaintiff's Experian credit report, Defendant failed to correct the balance and payment history reported on Plaintiff's Equifax and TransUnion credit reports.

22. The pertinent pages of Plaintiff's incorrect credit reports are attached as Exhibit E.

23. Despite the receipt and knowledge of Plaintiff's dispute letters, Defendant was still willfully misreporting to Equifax and TransUnion that the debt owed to Defendant was discharged with a $0 balance and no current payment history.

24. Defendant's failure to conduct a reasonable investigation of Plaintiff's account, as reported to Equifax and TransUnion, was a substantial factor causing Plaintiff emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

25. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## FCRA LAW COMMON TO ALL COUNTS

26. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

27. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

28. Defendant qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

29. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

30. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

31. The FCRA also provides privately enforceable duties limited to the formal process where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

32. After receipt of a disputed account from a CRA, a furnisher's duty is to review the

information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

33. The courts have consistently adopted that the standard of the furnisher's reinvestigation must be evaluated under a reasonable investigation standard.

34. This standard will be evaluated from a number of factors.

35. One specific obligation is that the furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

36. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

37. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

38. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

39. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

40. The standard for willful violation of the FCRA is reckless disregard, and that

5

Case 4:15-cv-00681-FJG   Document 1   Filed 09/04/15   Page 5 of 8

reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

## CAUSES OF ACTION

### COUNT I
**(Violations under the Fair Credit Reporting Act)**

41. After receiving notice of Plaintiff's dispute letters from Equifax, Experian and TransUnion, Defendant should have conducted a reinvestigation and properly updated the information reported on Plaintiff's account to Equifax and TransUnion.

42. As a result of Defendant's failure to conduct a reasonable reinvestigation, Defendant caused Plaintiff to incur emotional distress, frustration, inconvenience, time and expense.

43. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

44. Plaintiff's actual damages include but are not limited to, Plaintiff's emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

45. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

46. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d

6

895 (W.D. Tenn. 2003).

47. Defendant was notified by Equifax, Experian and TransUnion of Plaintiff's dispute letter requesting a reinvestigation that it was reporting inaccurate information on Plaintiff's credit reports.

48. Yet, Defendant elected to ignore that information and refused to correct Plaintiff's credit reports.

49. The purpose of the reinvestigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

50. Defendant's failure to have proper procedures in place to conduct a reasonable investigation of Plaintiff's account illustrates a reckless disregard for Plaintiff's rights under the FCRA.

51. Defendant's failure to conduct a reasonable investigation and correct the information Defendant is furnishing to Equifax and TransUnion concerning Plaintiff's account constitutes a willful violation of the FCRA.

52. Defendant fails to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

53. This failure is compounded by Defendant's failure to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mary Elaine Abasova respectfully requests this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information from Plaintiff's Equifax and TransUnion credit reports;

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

                                          */s/* Chelsea S. Springer

                                          Chelsea S. Springer #51089
                                          The Law Offices of Tracy L. Robinson, LC
                                          1125 Grand Boulevard, Suite 1300
                                          Kansas City, MO 64106
                                          Phone: (816) 842-1317
                                          Fax: (816) 842-0315
                                          admin@tlrlaw.com
                                          Attorney for Plaintiff